UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL ACTION NO. 2:15-00228

**DERRICK D. LAMB**

SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
MEMORANDUM OPINION AND ORDER

On October 17, 2024, the United States of America appeared by J. Parker Bazzle, II, Assistant United States Attorney, and the defendant, Derrick D. Lamb, appeared in person and by his counsel, Gerald M. Titus, III, for a hearing on the petition, and amendment, seeking revocation of supervised release submitted by United States Probation Officer Mark Ruscello. The defendant commenced an 18-month term of supervised release in this action on February 7, 2024, as more fully set forth in the Judgment in a Criminal Case entered by the court on May 3, 2016, and the Supervised Release Revocation and Judgment Order Memorandum Opinion and Order entered on December 28, 2022.

The court heard the admissions of the defendant, and the representations and arguments of counsel.  The court notes that the Government stated on the record of the hearing that it has withdrawn Violation No. 2 of the petition.

Pursuant to the court's findings of fact and conclusions of law as enumerated in open court on the record of this proceeding, which are ORDERED incorporated herein by reference, the court finds by a preponderance of the evidence that the defendant has violated the conditions of his supervised release as follows: (1) on each April 3, 2024, May 13, 2024, June 20, 2024, and August 20, 2024, the defendant submitted urine specimens that tested positive for tetrahydrocannabinol (THC); (2) the defendant failed to comply with and attend random urine screenings on February 28, March 13, March 27, April 15, June 4, June 10, June 19, June 26, July 1, July 10, July 15 and July 23, 2024; (3) on April 15, 2024, the defendant was instructed by his Probation Officer to attend two individual substance abuse counseling sessions per month, and with the exception of September 9, 2024, he failed to attend any individual substance abuse counseling sessions; (4) the defendant, as a modified condition of supervised release, was directed to reside at Dismas Charities for a period of 90 days,

2

pursuant to which he entered Dismas Charities on August 20, 2024, and on September 9, 2024, he was terminated from the program due to his multiple disciplinary infractions; and (5) on August 15, 2024, the defendant was found operating a vehicle on a public highway without a driver's license; all as admitted by the defendant, and all as set forth in the petition on supervised release, and by the court's findings on the record of the hearing.

And the court finding, as more fully set forth on the record of the hearing, that the violations found as set forth above warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period

of SIX (6) months with no further term of supervised release imposed. The court finds the sentence is sufficient but not greater than necessary to meet the goals of sentencing.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: October 18, 2024

_____
John T. Copenhaver, Jr.
Senior United States District Judge

4